IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-00020-CG |
| | ) | |
| KEVIN LEE WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the Motion of Kevin Lee Watson for Clarification re: Judgment (Doc 35), in which he seeks to have the Court grant him credit for time spent in custody prior to sentencing.

Section 3585(b)(2) of Title 18 of the U.S. Code provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed ... that has not been credited against another sentence." But it is the Attorney General through the Bureau of Prisons, not the district court, that § 3585(b) empowers to compute sentence credit awards after sentencing. *United States v. Wilson*, 503 U.S. 329, 333–34, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("We do not accept Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing.").

The Federal Bureau of Prisons, not this Court, has exclusive authority to determine whether a defendant should receive credit for time spent in

custody before the federal sentence commences. See *United States v. Williams*, 425 F.3d 987, 990 (11th Cir.2005) (citing *Wilson*) *abrogated on other grounds.*

> A prisoner "is free to urge the [BOP] to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new [federal] charges." *Setser v. United States*, 566 U.S. 231, 244, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012). "If the [BOP] initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program." *Id.* (citing 28 C.F.R. § 542.10 et seq. (2011) ). Under that program, an inmate may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Typically, a prisoner must first request a remedy from the institution where the prisoner is confined. *See* 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, the inmate may submit an appeal to the appropriate Regional Director. 28 C.F.R.§ 542.15(a). If the inmate is dissatisfied with the Regional Director's response, "[a]ppeal to the General Counsel [of the BOP] is the final administrative appeal." *Id.*
>
> Only once a prisoner has been denied administrative relief can he seek relief from a district court via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). "It is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding." *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). However, the "exhaustion requirement is still a requirement; it's just not a jurisdictional one. . . ."

*U.S. v. Leverette*, 721 Fed.Appx, 916 (11th Cir. 2018).

A federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. And any judicial review at that point must be brought pursuant to 28 U.S.C. § 2241. The proper venue for a § 2241 motion is the judicial district in which the

2

defendant is incarcerated, which may be different from the district where sentence was imposed.

Although Watson says he has been denied credit by the Bureau of Prisons, he does not demonstrate that he exhausted the administrative remedies available to him through the Bureau of Prisons. Additionally, Watson has not brought this action in the correct judicial district since he is not incarcerated in the Southern District of Alabama.  The motion is therefore **DISMISSED** for lack of jurisdiction.

The Clerk of the Court is directed to mail a copy of this Order to Watson.

**DONE** and **ORDERED** this 23rd day of February, 2023.

/s/  Callie V. S. Granade  
SENIOR UNITED STATES DISTRICT JUDGE